[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#111)
The plaintiff has brought this action by a complaint consisting of three counts. The first count alleged that the plaintiff hospital rendered hospital services and medical care to the defendant Rosemary Hewett, a minor child, and that such services and care were rendered at her request or at the request of said minor's parents. It further alleges that the defendant received the benefit of such services and care, and that said defendant child and her parents impliedly agreed to pay for them. It also alleges that such services and care had a value of $9,373.81, and that such sum has not been paid, and that said parents are liable for such costs pursuant to Sec. 46b-37b, C.G.S. The second count repeats the allegations of the first count, but alleges the reasonable value of such services and care to be $9,373.81.
The third count alleges that the defendant Charles H. Hewett, father of said minor child, by written agreement agreed to pay for said services and care together with costs of collection.
On December 27, 1989, Elaine Rogers Parsons, Esq. filed CT Page 10095 a notice with the court that the had been appointed guardian of the estate of said minor by the Meriden Probate Court.
On May 8, 1990, counsel for said child filed an answer consisting of a general denial to the first two counts and three special defenses. The first special defense alleged that the parents of said child were solely responsible for the debt pursuant to Section 46b-37b, C.G.S. The second special defense alleges incompetency because of infancy. The third special defense alleges that the defendant father had entered into a written agreement with the plaintiff to pay for any such services; and that therefore no obligation existed on the part of the defendant child; the plaintiff has denied the three special defenses. Further, in the reply to the second special defense the plaintiff claims such services rendered were necessaries. In the reply to the third special defense, the plaintiff further alleges that the services were necessaries and that a promise to pay by the third party does not absolve her of her obligations.
Thereupon, the plaintiff moved for summary judgment on liability only. P.B. 385.
Summary judgments may be rendered only if the pleadings are closed as between parties to the motion. P.B. 379. By its reply the plaintiff has raised a new issue; i.e., that the services rendered were necessaries. There has been no responsive pleading thereto.
While the foregoing will prohibit the granting of summary judgment, in the interest of judicial economy, and assuming that the pleadings can be properly addressed, the court will address another issue that will likewise prevent the granting of summary judgment. Summary judgment may be granted if the pleadings, affidavits and any other proof submitted shall show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. P.B., 384.
With its motion for summary judgment, the plaintiff filed an affidavit of its credit manager and attached thereto a copy of a written agreement, purportedly signed by the child's father.
The defendant has pleaded that such agreement constitutes a novation. "Novation" is a term usually used to refer to instances in which a new party is introduced into a new contract. Mace v. Conde Nast Publications, Inc., 155 Conn. 680,688. Whether this constitutes a discharge of the primary obligation is a question of fact. Ibid. p. 689. A claim of novation will defeat a motion for summary judgment. Tidewater Oil CT Page 10096 Co. v. Murphy Motors, Inc., 4 CC. 160, 163.
The plaintiff's motion for summary judgment is denied.
BURNS, J.